UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **KYLE STURGILL,** | **CIVIL ACTION NO. 6:19-283-KKC** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **NANCY A. BERRYHILL,** **ACTING COMMISSIONER OF SSA,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

The plaintiff, Kyle Sturgill, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Sturgill's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Sturgill has not engaged in substantial gainful activity since March 17, 2017. (Administrative Record ("AR") at 322.)

At step two, the ALJ determined that Sturgill suffered from the severe impairments of depressive disorders, anxiety disorders., alcohol dependence, hepatic encephalopathy, and additional abdominal disorders. (AR at 322.)

At step three, the ALJ found that Sturgill does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 323.)

Before proceeding to step four, the ALJ determined that Sturgill has the residual functional capacity (RFC) to perform a broad range of "medium" work that does not require:

> climbing ladders, ropes, or scaffolds; more than occasional climbing ramps or stairs; any overhead work with his hands; any aerobic activity such as running or jumping; any operation of foot pedals; any commercial driving; or any exposure to concentrated temperature extremes, excess humidity, vibration, environmental irritants, or industrial hazards.

(AR at 324.)

As to restrictions for "mental issues," the ALJ determined that Sturgill could carry out "simple repetitive 1-2- or 3-step instructions while adapting to occasional changes in an object-focused work environment with occasional, casual public contact." (AR at 324.)

At step four, the ALJ determined that Sturgill is unable to perform any past relevant work. (AR at 326.)

At step five, the ALJ determined that, considering the RFC described above and Sturgill's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Sturgill can perform and, thus, he is not disabled. (AR at 327-28.)

Sturgill argues that the ALJ erred in failing to find that he has an impairment or combination of impairments that meet or medically equal the severity of the impairment at listing 12.05. Sturgill does not specify whether he meets the qualifications of 12.05 A or B. Under 12.05A, a

claimant must establish three conditions, one of which is "significantly subaverage general intellectual functioning evidence in your cognitive *inability to function at a level required to participate in standardized testing of intellectual functioning*." 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.05A(1) (emphasis added). Sturgill participated in standardized testing to determine his intelligence quotient in February 2015. (AR 671-74.) Thus, he does not meet at least one of the qualifications for the 12.05A listing.

As to 12.05B, the claimant must meet three requirements. Sturgill meets the first – a full scale IQ score of 70 or below. The testing in 2015 determined that Sturgill has a full-scale IQ of 51, which is within the "Moderate range of Mental Retardation." (AR at 673.) The second requirement is that the claimant show "significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning":

> a. Understand, remember, or apply information (see 12.00E1); or
> b. Interact with others (see 12.00E2); or
> c. Concentrate, persist, or maintain pace (see 12.00E3); or
> d. Adapt or manage oneself (see 12.00E4)

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.05B(2).

These criteria are referred to as the "paragraph-B" criteria. The ALJ considered these criteria when analyzing whether Sturgill met the 12.04 and 12.06 listings, both of which also contain the paragraph B criteria. He determined that Sturgill had, at most, "moderate" limitations in these areas. In doing so, he relied on the opinion of the state agency psychologist. (AR at 326, 444.) The ALJ also relied on medical records that consistently reflected "negative mental status examinations."  (AR at 325.)

Sturgill points to an evaluation conducted by Dr. Ann Bates who determined that Sturgill has "poor" ability to adjust to a variety of work-place circumstances like following work rules, dealing with the public, and functioning independently. (AR at 1200.) The ALJ reasonably discounted this as contrary to evidence in the record indicating that Sturgill can live alone; tend "to a full range of personal care and hygiene;" prepare simple meals on a daily basis; leave the house daily alone and without restrictions; drive without restrictions; shop; count change; use public transportation; and get along with friends, family, neighbors and authority figures. (AR at 323.)

Sturgill argues that he meets the requirements of listings 12.04 and 12.06. However, each of these listings requires that the claimant meet either the paragraph-B criteria analyzed above, *see* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §§ 12.04B; 12.06B, or the following so-called paragraph C criteria:

> Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, §§ 12.04C; 12.06C.

As discussed, the ALJ reasonably found that Sturgill does not meet the paragraph-B criteria. As to paragraph C, the ALJ determined that there was no evidence that Sturgill had a "serious and persistent" disorder that results in "marginal adjustment," which is the "minimal capacity to adapt to changes" in his environment and to demands that are not already part of his daily life.

4

(AR at 323.) The only medical evidence that Sturgill points to in support if his argument that he meets the paragraph C criteria is the report of Dr. Michele Amburgey, who performed a consultative evaluation of Sturgill. She was the doctor who determined Sturgill has a full-scale IQ of 51. Nevertheless, Dr. Amburgey determined that it was "questionable" the extent to which the test results indicated Sturgill's true limitations. (AR at 674.) She found it was "possible that he intentionally tried to minimize his abilities to an extent." She noted that the test results showed that Sturgill would need assistance in managing finances but that, on the intake form, he indicated that he takes care of his own finances. She found this "makes test results questionable as well." (AR at 674.) Given these qualifications to the exam by the examining doctor herself, the ALJ reasonably discounted the limitations indicated by Dr. Amburgey's evaluation. (AR at 326.)

Sturgill argues that the ALJ erred in failing to properly address the opinion of Dr. April Hall, his treating physician. Sturgill points out that Hall determined that Sturgill had "very little" ability to lift, carry, stand, and walk. The ALJ, however, properly rejected Dr. Hall's opinion as unsupported by other evidence in the record, including Sturgill's own testimony. The ALJ noted that, Sturgill testified at the hearing that his worst impairments were his back and knee pain and breathing difficulties (AR. at 324, 341-42), but there was no evidence in the record that Sturgill experiences any severe back or knee impairments or that he had previously complained about such pain. (AR at 322-25.) Likewise, the ALJ noted, the there was no medical evidence that substantiated that Sturgill had any severe respiratory or cardiovascular impairment. (AR at 325.) In his motion, Sturgill points to no such evidence in the record. As the ALJ pointed out, Sturgill testified that he managed the back and knee pain with medication and by elevating his feet twice per day. (AR at 345-48, 360.) Sturgill also testified that he could stand and walk for 45 minutes

(AR at 350) a time and could lift one gallon of fluid. (AR at 351.) Moreover, he testified that he lives alone and could sweep and mop for 30 minutes at a time. (AR at 352-54.)

Sturgill argues that the ALJ failed to properly evaluate his subjective complaints about his pain. As explained, above, however, the ALJ properly considered evidence indicating that Sturgill's medically determinable impairments could not reasonably be expected to impose the intensity, persistence, and limiting effects that Sturgill alleged. (AR at 324.)

Finally, Sturgill argues that the ALJ failed to consider his age, education, and work experience. However, the ALJ considered all of these factors. (AR at 327.)

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 17) is **DENIED**;

2. The defendant's motion for summary judgment (DE 19) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated March 01, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY